UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JESUS BAEZ, | ) | CASE NO. 4:06 CV 1470 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARK A. BEZY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 15, 2006, pro se plaintiff Jesus Baez filed this Bivens[1] action against former Elkton Federal Correctional Institution ("FCI-Elkton") Warden Mark A. Bezy, current FCI-Elkton Warden T.R. Sniezek, UNICOR Prison Industries ("UNICOR"), UNICOR Superintendent H. Eister, UNICOR Supervisor S. Saulsbury, FCI-Elkton Admission and Orientation Counselor Ms. Williams, FCI-Elkton Health Care Administrator Dr. Azam, FCI-Elkton Medical Administrative Specialist Frances Szpytko, and Bureau of Prisons ("BOP") Northeast Regional Director Scott Dodrill. In the complaint, plaintiff alleges he was terminated from his UNICOR job because of his medical status. He seeks $25,000,000 in compensatory damages and $9,000,000 in punitive damages.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

## **Background**

Mr. Baez alleges that he was indicted for an unspecified federal offense on December 21, 1994, and was sentenced on June 29, 1995 to a term of 240 months of incarceration. He was initially imprisoned at FCI-Allenwood and then FCI-Buckley where he was employed by UNICOR until his transfer to FCI-Elkton. He indicates that he began his employment with UNICOR at FCI-Elkton on October 31, 2000. He states that sometime in the first quarter of his employment, FCI-Elkton UNICOR Superintendent H. Eister and Supervisor S. Saulsbury discovered the fact that he is HIV-positive and began to place him in undesirable positions. (Compl. at 4.) Plaintiff claims he was assigned by Mr. Eister to work as the "Head Orderly" in the sanitation area and was given the responsibility of cleaning the staff and inmate bathrooms. He contends that Mr. Eister and Ms. Saulsbury made derogatory remarks about his medical condition on a daily basis in the presence of other inmates

On or about May 23, 2004, Mr. Baez spoke to Warden Mark A. Bezy about his UNICOR position. During the conversation, Mr. Baez stated that he was the "head orderly" and Warden Bezy "took exception to this comment and made an issue of it with Mr. H. Eister." (Compl. at 5.) Mr. Baez was subsequently told to assume the duties of a Material Coordinator. The complaint does not indicate whether Mr. Baez actually worked in this position. He contends that he was terminated from his UNICOR employment for inattention to detail and refusal to work. Mr. Baez denies these charges. Mr. Baez was then assigned to work in the recreational center at a wage of $5.25 per month. He asserts that the defendants have denied him equal protection of the law, subjected him to cruel and unusual punishment, and have denied him substantive due process.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action will be dismissed pursuant to § 1915(e).

As a threshold matter, Mr. Baez cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  Rizzo v. Goode, 423 U.S. 362, 371 (1976); Mullins v. Hainesworth, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).  Current FCI-Elkton Warden T.R. Sniezek, Counselor Williams, Dr. Azam, Frances Szpytko, and S. Scott Dodrill are not even mentioned in the complaint.  The complaint simply contains no facts which reasonably associate these defendants to any of the claims set forth by the plaintiff.

It is apparent that Mr. Dodrill has been named in the complaint because he responded to Mr. Baez's grievances in an unfavorable manner.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability for a

---

[2]  An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

constitutional violation. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999). Mr. Baez fails to allege facts to reasonably indicate this defendant engaged in activities outside the grievance process which violated Mr. Baez's constitutional rights.

Furthermore, a prisoner has no constitutional right to prison employment or a particular prison job. See Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989). As the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991); James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir.1989).

Mr. Baez also asserts that the defendants have discriminated against him because of his HIV status. He indicates that the UNICOR Superintendent and supervisor made negative comments about his HIV status in front of other inmates. He states, however, that he was ordered to assume a new UNICOR position after the warden took issue with his job title. He does not indicate why the warden insisted on the change, and provides no description of the material coordinator position. The comments in the grievances suggest that he refused the new position, which caused his termination from UNICOR. The facts alleged in the pleading do not connect his reassignment to a new UNICOR job to his HIV status. Moreover, HIV-infected inmates do not constitute a suspect class that is entitled to special consideration under the Equal Protection Clause. See Doe v. Wigginton, 21 F.3d 733, 739-40 (6th Cir.1994). Mr. Baez's claim under the Fourteenth Amendment must be dismissed.

Finally, the plaintiff contends that the defendants violated the Eighth Amendment and his right to substantive due process. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The

Supreme Court in <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991) set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. <u>Id.</u> Seriousness is measured in response to "contemporary standards of decency." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. <u>Id.</u> Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. <u>Id.</u> at 9. Mr. Baez's loss of this prison employment opportunity does not present a sufficiently serious deprivation which constitutes cruel and unusual punishment.

Similarly, the loss of employment does not deny Mr. Baez substantive due process. There are two types of substantive due process claims. The first type includes claims that involve official acts which are unreasonable, arbitrary and cause a deprivation of a substantive right specified in the Constitution or a federal statute. <u>Mertik v. Blalock</u>, 983 F.2d 1353, 1367 (6th Cir. 1993); <u>Parate v. Isibor</u>, 868 F.2d 821, 831 (6th Cir. 1989). Mr. Baez has not alleged facts to suggest a violation of a substantive liberty or property interest guaranteed by the Constitution or by statute. The other type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided. <u>Parate</u>, 868 F.2d at 832. A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. <u>Id.</u> at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." <u>Id.</u> There are no facts

5

presented in the plaintiff's complaint to suggest the defendants' actions meet this extreme standard.

## Conclusion

Accordingly, this action will be dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated:  February 15, 2007                     /s/  John R. Adams
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.